**FARHANG & MEDCOFF**
— ATTORNEYS —

100 South Church Avenue, Suite 100
Tucson, Arizona 85701
T: 520.214.2000
F: 520.214.2001

Roberto C. Garcia (#026246)
rgarcia@farhangmedcoff.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jan Hyneman, individually and on behalf of other similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>PRA Events, Inc., a Delaware corporation,<br><br>Defendant. | Case No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

Plaintiff Jan Hyneman ("Hyneman"), individually and on behalf of a group of similarly situated individuals, for her Complaint against Defendant PRA Events, Inc. ("PRA"), alleges as follows:

**PRELIMINARY STATEMENT**

1.  This action arises from unlawful employment actions perpetrated by Defendant. More specifically, Defendant failed to pay wages earned by Plaintiff and all those similarly situated in a timely manner as required by Arizona and federal law and, further, with the calculated intent to deprive Plaintiff and those similarly situated of overtime pay due under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), unlawfully misclassified as exempt under the FLSA Plaintiff and those similarly situated.

**PARTIES**

2.  Plaintiff Jan Hyneman is a married individual and a resident of Pima County,

1  Arizona. At all times relevant, Hyneman was an "employee" of Defendant, as such term
2  is defined in 29 U.S.C. § 203(e) and A.R.S. § 23-350.

3.   Defendant PRA Events, Inc. is a Delaware corporation whose principal place of business is in Cook County, Illinois.

4.   From on or about November 3, 2020, until on or about August 23, 2023, Plaintiff was an "employee" of PRA (as such term is defined in 29 U.S.C. § 203(e) and A.R.S. § 23-350).

5.   From on or about November 3, 2020, through the present date, PRA was/is an "employer" (as such term is defined in 29 U.S.C. § 203(e) and A.R.S. § 23-350) of Plaintiff and those similarly situated.

6.   Additional persons subjected to the unlawful employment acts complained of herein may also become plaintiffs in this action.

**JURISDICTION AND VENUE**

7.   This Court has original federal question jurisdiction with respect to this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

8.   This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 8 U.S.C. § 1367(a). Such state law claims are so related to claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

9.   This Court has personal jurisdiction over Defendant because it continuously, systematically, and purposefully conducts business within Arizona.

10.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because all the events and/or omissions giving rise to Plaintiff's claims occurred in this judicial district.

**COLLECTIVE ACTION ALLEGATIONS**

11.  Plaintiff brings the FLSA claims herein on behalf of herself and all persons similarly situated who were or are employees of Defendant and who elect to opt into the

4859-0304-7051, v. 2

FLSA claims asserted in this action.

12. Defendant is liable to Plaintiff, and all those similarly situated, under the FLSA because of Defendant's willful failure to compensate its subject employees in a manner consistent with the FLSA's overtime pay requirements.

13. Defendant's policies and procedures applied generally to Defendant's employees, specifically those who had event-planning duties, throughout the relevant period and were calculated to deprive such employees of the monies due to them under law.

14. The collective action class members are readily identifiable, performed similar if not identical duties, responsibilities, and activities, and were all similarly harmed by Defendant's violations of the FLSA.

15. The proposed class for this FLSA collective action (the "Class") is defined as follows:

> All persons currently or formerly employed as a regional sales manager or other similarly situated employee performing or handling event planning on behalf of Defendant PRA who worked in excess of forty (40) hours during one or more workweeks without receiving overtime compensation from November 3, 2020, through the present date.

16. Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and Arizona's wage statutes. Such willful violations of law include, without limit, uniform:

    A. Failure to record all the time that employees, including Plaintiff and all those similarly situated, have worked for the benefit of Defendant;

    B. Failure to keep records as required under the FLSA and related regulations;

    C. Misclassification of Plaintiff and all those similarly situated as exempt from the FLSA's overtime pay requirements in an effort to deprive them of earned wages;

4859-0304-7051, v. 2

D.   Failure to pay Plaintiff and all those similarly situated overtime wages for hours that they worked in excess of 40 hours per workweek; and

E.   Requirement that Plaintiff and all those similarly situated work off the clock, without pay.

17.   This Court should designate this action as a FLSA collective action and provide the procedural relief necessary for Plaintiff to provide notice to members of the Class.

## **GENERAL ALLEGATIONS**

18.   Defendant is in the business of planning events for corporate clients.

19.   In addition to its operations in other states, Defendant operates in Phoenix and Tucson, Arizona, where it plans events that occur throughout the state of Arizona.

20.   Defendant is engaged in interstate commerce and is subject to the provisions of the FLSA.

21.   Plaintiff and those similarly situated frequently work(ed) beyond 40 hours per workweek, without being paid any wages, including overtime pay.

22.   At all times relevant, Defendant has operated under a policy that betrays its true intent to willfully deprive employees of their rights under the FLSA.

23.   In an improper effort to avoid liability for overtime under the FLSA, Defendant routinely misclassifies its employees as exempt from the overtime provisions of the FLSA and refuses to pay its employees the appropriate overtime wages, or any wages, for hours worked in excess of 40 per workweek.

24.   From November 3, 2020, through and including the present day, Plaintiff, as well as those similarly situated, were scheduled workloads that require(d) an excess of 40 hours per workweek to complete.

25.   Plaintiff and those similarly situated routinely worked after normal business hours, including on the weekends, for no compensation. Defendant consistently requires(d) Plaintiff, and those similarly situated, to work for no remuneration.

26.   Despite working more than 40 hours per week, entitling them to wages at a

rate of one and one-half times their regular rate of pay, Plaintiff and those similarly situated were typically only paid for 40 hours of work per week.

27. Plaintiff and those similarly situated held/hold no duties or responsibilities through their employment with Defendant that would allow them to qualify as exempt from the overtime requirements of the FLSA. Indeed, none of the FLSA exemptions provided under law apply to Plaintiff or those similarly situated.

28. Plaintiff and those similarly situated worked more than 40 hours per workweek, without exception, from November 3, 2020, through the present day.

29. Defendant's unlawful wage-related actions were willful and intentional, done in bad faith, or, at best, done with reckless disregard as to whether they violated the FLSA and/or Arizona law.

30. As a result of its willful violations of the FLSA, Defendant is liable to Plaintiff and those employees similarly situated in an amount to be proven at trial.

**COUNT I – VIOLATION OF THE FLSA, INDIVIDUAL AND COLLECTIVE ACTION "OPT-IN" CLAIMS FOR RELIEF**

31. Plaintiff incorporates herein by this reference every preceding allegation as if fully set forth herein.

32. Plaintiff brings this FLSA claim as an "opt-in" collective action on behalf of herself and all similarly situated employees of Defendant. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b); such written consent is attached hereto as **Exhibit A** and is incorporated herein by this reference.

33. Plaintiff and those similarly situated were/are, at all times relevant, nonexempt employees of Defendant under the FLSA.

34. Defendant is an employer as defined under the FLSA and is subject thereto.

35. Among other things, the FLSA requires employers to pay non-exempt employees, such as Plaintiff and those similarly situated, overtime pay at a rate not less than one and one-half times the employee's regular rate of pay for hours worked in excess of 40 in a workweek.

5

36. From November 3, 2020, through the present day, Plaintiff, as well as those similarly situated, without exception, worked in excess of 40 hours per workweek.

37. Defendant did not pay Plaintiff or those similarly situated for any hours worked in excess of 40 per workweek and certainly did not pay them overtime.

38. At all times relevant, Defendant willfully and wrongfully classified Plaintiff and those similarly situated as exempt from the minimum wage and overtime pay requirements of the FLSA and failed to pay wages including overtime wages.

39. Defendant's violations of the FLSA were not innocent errors and Defendant did not act in good faith in relation to its employees' rights under the FLSA.

40. Defendant's violation of the FLSA was willful as Defendant affirmatively knew its conduct complained of herein violated the FLSA and/or Defendant recklessly disregarded whether its conduct violated the FLSA.

41. A cause of action arising out of a willful violation may be commenced three years after the cause of action accrued. See 29 U.S.C. § 255(a). Accordingly, because Defendant's conduct complained of herein was willful, Plaintiff and those similarly situated are entitled to their damages incurred starting from three years prior to the filing of this action.

42. Plaintiff, both in her individual capacity and on behalf of all similarly situated employees, seeks relief on a collective action basis challenging Defendant's failure to pay overtime wages to non-exempt employees. The number and identity of other plaintiffs who have yet to opt-in may be determined by Defendant's records, and potential members of this collective action may be notified via mail and electronic means.

43. Pursuant to 29 U.S.C. § 216(b), Plaintiff and those similarly situated are entitled to an award of damages against Defendant for its violations of the FLSA (including, without limit, failure to pay overtime wages) in an amount to be proven at trial.

44. Pursuant to 29 U.S.C. § 216(b), Plaintiff and those similarly situated are entitled to liquidated damages in an amount equal to the wages they are owed as unpaid overtime.

4859-0304-7051, v. 2

45. Pursuant to 29 U.S.C. § 216(b), Plaintiff and those similarly situated are entitled to interest, attorneys' fees, and costs arising from Defendant's unlawful actions and/or incurred herein.

46. Each member of the purported Class is entitled to notification of the pendency of this action and of his/her right to become a party hereto.

## COUNT II – VIOLATION OF ARIZONA WAGE STATUTES

47. Plaintiff incorporates herein by this reference every preceding allegation as if fully set forth herein.

48. Plaintiff anticipates the Class will not exceed more than 10 former and current employees of Defendant. Because the numerosity requirement of Fed. R. Civ. P. 23 is not likely to be satisfied and because it is feasible that all those harmed by Defendant may join this action as named parties, Plaintiff is not pursuing the state law claims asserted herein on a "class action" basis at this time.

49. The state law claims asserted herein arise, in part, from Defendant's failure to pay wages and overtime required under the FLSA. Accordingly, such state law claims are part of the same case or controversy under Article III of the United States Constitution. Legal and judicial economy and efficiency warrant that all claims asserted herein be resolved in one action.

50. Plaintiff was, at all times relevant, an employee of Defendant within the meaning of A.R.S. § 23-350.

51. Defendant was, at all times relevant, an employer of Plaintiff within the meaning of A.R.S. § 23-350.

52. A.R.S. § 23-351(C)(3) provides that "[o]vertime or exception pay shall be paid not later than sixteen days after the end of the most recent pay period."

53. As set forth above, the FLSA requires that employees such as Plaintiff be paid overtime wages for all hours worked in excess of 40 hours per workweek.

54. Defendant violated A.R.S. § 23-351 by failing to pay wages and overtime due to Plaintiff for work in excess of 40 hours per workweek within the periods specified.

7

55. As a result of Defendant's violations of A.R.S. § 23-351, Plaintiff is entitled to an award of the unpaid wages, prejudgment interest thereon, and treble the amount of such wages, together with attorneys' fees and costs pursuant to A.R.S. § 23-355.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that the Court:

A. Designate this action as a collective action on behalf of Plaintiff and all those similarly situated and promptly issue a notice pursuant to 29 U.S.C. § 216(b) to the collective action class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing Individual Consent to Sue Forms pursuant to 29 U.S.C. § 216(b);

B. Enter judgment for Plaintiff and those similarly situated and against Defendant, on all counts;

C. Award Plaintiff and those similarly situated all recoverable damages, in an amount to be proven at trial;

D. Award Plaintiff and those similarly situated all liquidated damages as provided and/or allowed by law;

E. Enjoin Defendant from future violations of the FLSA and/or Arizona's wage statutes;

F. Award Plaintiff and those similarly situated their attorneys' fees and costs incurred herein, on all the bases upon which such expenditures are compensable to Plaintiff including, without limit, 29 U.S.C. § 216(b) and A.R.S. § 23-355;

G. Award Plaintiff and those similarly situated pre- and post-judgment interest at the highest rate allowed by law; and

H. Award Plaintiff and those similarly situated any other relief that the Court

8

deems just and proper under the circumstances.

DATED this 3rd day of November 2023.

**FARHANG & MEDCOFF**

By /s/ Roberto C. Garcia
Roberto C. Garcia

*Attorneys for Plaintiff*

9

4859-0304-7051, v. 2