**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jan Hyneman,<br><br>        Plaintiff,<br><br>v.<br><br>PRA Events Incorporated,<br><br>        Defendant. | No. CV-23-00497-TUC-RCC<br><br>**ORDER** |

Before the Court is Plaintiff Jan Hyneman's Motion for Conditional Collective Action Certification and Leave to Provide Notice to Prospective Collective Action Members.[1] (Doc. 27.) Upon review, the Court will grant the motion and allow notice to opt-in plaintiffs as indicated below.

### I. *Plaintiff's Motion for Conditional Collective Action Certification*

Plaintiff alleges that Defendant PRA Events misclassified Regional Sales Managers ("RSMs") as exempt from overtime pay under the Fair Labor Standards Act ("FLSA"), and claims a collective action is warranted because RSMs perform substantially similar duties and are subject to a common misclassification policy. (*Id.* at 2; Doc. 17 ¶¶ 14, 44.)

///

///

---

[1] The Court, in its discretion, finds oral argument is not necessary for a fair adjudication of this matter. *See* LR Civ 7.2(f); Fed. R. Civ. P. 78(a); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998) ("[A] district court can decide the issue without oral argument if the parties can submit their papers to the court.").

### II.     *Conditional Certification Standard*

The FLSA requires employers pay employees time and one-half for work in excess of forty hours each work week. 29 U.S.C. § 207(a)(1). Employees may file a collective action to recover unpaid overtime "in behalf of . . . themselves and other employees similarly situated." 29 U.S.C. § 216(b). Courts generally use a two-tiered approach to FLSA collective action certification. *Villarreal v. Caremark LLC*, No. CV-14-00652-PHX-DJH, 2014 WL 4247730, at *3 (D. Ariz. Aug. 21, 2014). The first tier, conditional certification, requires a "modest factual showing" that the plaintiff and potential collective members are "similarly situated." *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1109–11 (9th Cir. 2018). The standard is lenient—similar to a plausibility standard. *Id.* This stage "typically results in certification." *Hubbard v. Cnty. of Los Angeles*, No. CV 23-3541 PA (RAOx), 2023 WL 11884620 *2 (C.D. Cal. Oct. 23, 2023).

The FLSA statute does not explain how a court decides whether participants are "similarly situated." *Campbell*, 903 F.3d at 1100. However, caselaw suggests that "[a]t this first stage, the court requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Scales v. Info. Strategy Design Inc.*, 356 F. Supp. 3d 881, 885 (D. Ariz. 2018) (quoting *Colson v. Avnet*, 687 F. Supp. 2d 914, 925 (D. Ariz. 2010)). In fact, at the notice stage, district courts need not consider a defendant's evidence in opposition to determine conditional certification, *Sanchez v. Sephora USA, Inc.*, No. 11-03396 SBA, 2012 WL 2945753, at *4 (N.D. Cal. July 18, 2012); and the analysis "is typically focused on a review of the pleadings but may sometimes be supplemented by declarations or limited other evidence," *Campbell*, 903 F.3d at 1109. Moreover, review is "sometimes articulated as requiring 'substantial allegations,' sometimes as turning on a 'reasonable basis,' . . . commensurate with the stage of the proceedings." *Id.* Many courts in this circuit have chosen to review under this more lenient standard until the completion of discovery, or at least until the completion of discovery related to certification. *See Mitchell v. Acosta Sales, LLC*, 841 F. Supp. 2d 1105, 1116 (C.D. Cal. 2011); *see also Campbell*, 903 F.3d at

1109 (stating second stage analysis begins at "close of relevant discovery"); *Coates v. Farmers Grp., Inc.*, No. 15-CV-01913-LHK, 2015 WL 8477918, at *7 (N.D. Cal. Dec. 9, 2015) (stating district courts in the Ninth Circuit routinely "hold that the first-stage analysis applies until the close of discovery"); *Syed v. M-I, LLC*, No. 1:12-V-1718 AWI MJS, 2014 WL 6685966, at *3 (E.D. Cal. Nov. 26, 2014) (determining that refusal to produce discovery pertaining to potential class members made the more stringent, second stage analysis inappropriate).

"[P]arty plaintiffs are similarly situated, and may proceed in a collective, to the extent they share a similar issue of law or fact material to the disposition of their FLSA claims." *Castillo v. K.B. Wallworx, Inc.*, No. CV-22-00798-PHX-DWL, 2023 WL 8002843, at * (D. Ariz. Nov. 17, 2023) (quoting *Campbell*, 903 F.3d at 1117)). Plaintiffs working different hours or claiming different overtime amounts do not disqualify the collective, rather "those distinctions go to the individualized calculation of damages." *Id.*

After determining that the representative members are similarly situated, the district court may conditionally certify the class. *Villarreal*, 2014 WL 4247730, at *4. Once certified, the court permits a plaintiff to send notice to putative collective members and allow collective members to opt-in to the suit within a designated period. *Id.*

The second tier, often triggered by a defendant's decertification motion after discovery, resembles a summary judgment motion, assessing factual differences, individual defenses, or procedural considerations. *Thornsburry v. Pet Club, LLC*, No. CV-16-01604-PHX-ROS, 2016 WL 111602764, at *2, (D. Ariz. Nov. 22, 2016) (citing *Leuthold v. Destination Am., Inc.*, 224 F.R.D. 462, 466 (N.D. Cal. 2004).

### III. Parties' Positions

Plaintiff alleges PRA misclassified her and other RSMs as exempt from overtime pay. (Doc. 17 ¶¶ 15–16.) She offers declarations, job descriptions, and website information to demonstrate RSMs' shared duties. (Exs. 1–4, Docs. 27-1–27-5.)

Defendant argues Plaintiff has not shown a common unlawful policy, claiming a uniform classification decision is insufficient. (Doc. 36 at 2, 7.) The Court disagrees. *See*

*Weeks v. Matrix Absence Mgmt. Inc.*, 494 F. Supp. 3d 653, 655 (D. Ariz. 2020) (permitting collective action based on defendant's "misclassification scheme").

Defendant next argues RSMs' varying tasks and discretion preclude certification. (Doc. 36 at 2–3.) Defendant claims Plaintiff has presented no evidence of similar duties, discretion, or oversight other than her self-serving statement. (Doc. 36 at 9.) However, "[a] systemic policy is no less common across the collective if those subject to it are affected at different times, at different places, in different ways, or to different degrees." *Robinson v. Maricopa Cnty. Spec. Health Care Dist.*, 696 F. Supp. 3d 769, 782 (D. Ariz. 2023). Plaintiff's provided job description suggests a single RSM at each location throughout the country with similar listed duties. While Defendant's argument goes to whether RSMs are exempt because of the "exercise of discretion and independent judgment with respect to matters of significance" under 29 C.F.R. § 541.202, exemptions are assessed at a later stage. *Shaia v. Harvest Management Sub LLC*, 306 F.R.D. 268, 272 (N.D. Cal. 2015) ("The initial 'notice stage' is not the appropriate time for a court to evaluate the merits of plaintiffs' FLSA claims."); *Hubbard*, 2023 WL 11884620, at *3 (same).

Defendant also contends that the proposed collective action is unmanageable because the claim depends on an individual assessment of employee work experiences, (Doc. 36 at 3, 5, 14.) Plaintiff has alleged that RSMs share job duties and responsibilities. Plaintiff's exhibits show there a designated RSM in each city PRA operates. Defendant's manageability argument is more properly addressed in a decertification motion.

Next Defendant argues that including all event planning employees in the collective is overly broad, requiring individualized inquiries into each employee's job duties and exemption status. (*Id.*) Because PRA is an event planning business, and Plaintiff has not shown these positions are similarly situated in any meaningful way, the Court agrees that including *all* employees who performed event planning is overly broad. Thus, limiting the collective to RSMs is appropriate.

Finally, Defendant believes class certification should be denied because Plaintiff

- 4 -

offers no evidence that employees are interested in opting in. (Doc. 36 at 12.) Defendant's lack-of-interest argument is unpersuasive because demonstrated interest is not required for conditional certification. *See Vega*, 583 F. Supp. 3d at 1253 (stating inclusion of interested opt-in plaintiffs is typical but not required).

The Court finds Plaintiff has met the lenient standard for conditional certification by establishing a plausible basis for class-wide FLSA violations. Defendant's arguments are more appropriately addressed at the second stage of certification. Plaintiff has demonstrated that she and other RSMs are similarly situated with respect to their job duties and Defendant's alleged misclassification policy. However, the Court limits the collective to employees who were RSMs at PRA.

### IV.     *Jurisdiction Over Out-of-State Defendants*

The Court previously found the jurisdictional issue regarding out-of-state opt-in plaintiffs premature (Doc. 24 at 2). Given the current procedural posture, the Court now addresses this issue. *See Wilkerson v. Walgreens Specialty Pharmacy LLC*, 637 F. Supp. 3d 718, 2022 WL 15520004, at *2–3 (D. Ariz. 2022) (deciding personal jurisdiction prior to out-of-state plaintiffs opting in).

Plaintiff suggests that the Court should exercise jurisdiction over out-of-state plaintiffs' claims, arguing that *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County.*, 582 U.S. 255, 257 (2017), does not apply to FLSA collective actions. (Doc. 20 at 8–13.) Plaintiff argues that modern technology allows employers to implement uniform policies across state lines, and these state lines should not prevent employees from collectively seeking relief for unlawful policies, nor should they require collective actions to occur only in the defendant's home state. (Doc. 27 at 8.) Defendant argues for the application of *Bristol-Myers* to limit jurisdiction to Arizona employees. (Doc. 36 at 15–16.)

In *Bristol-Myers*, consumers (mostly non-California plaintiffs) raised a products liability action against drug manufacturer *Bristol-Myers* (incorporated and with a principal place of business outside California) in a California Superior Court. *Bristol-*

*Myers*, 582 U.S. at 257. Non-resident plaintiffs did not allege any of defendant's actions occurred in California. The Supreme Court found that the California state court could not exercise jurisdiction over the claims of out-of-state plaintiffs because "there must be an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Id.* at 262. However, the Supreme Court acknowledged that "since our decision concerns the due process limits on the exercise of specific jurisdiction by a State, we leave open whether the Fifth Amendment imposes the same restrictions on the exercise of personal jurisdiction by a federal court." *Id.* at 257.

While there is a district and circuit split as to whether *Bristol-Myers* applies to FLSA collective actions, this Court declines to apply it, finding it would undermine the FLSA's intent. *See Gilburd v. Rocket Mortg. LLC*, No. CV-23-00010-PHX-DLR, 2023 WL 8480062, at *5 (D. Ariz. Dec. 6, 2023). The FLSA is designed to protect employees across the country and allows actions in *any* competent federal or state court, suggesting an intent to enable collective actions that include out-of-state plaintiffs. *Id.* Applying *Bristol-Myers* to collective actions "would eviscerate FLSA collective actions." *Cooley v. Air Methods Corp.*, No. CV-19-00850-PHX-DLR, 2020 WL 9311858, at *3 (D. Ariz. 2020); *see also Arends v. Select Med. Corp.,* No. CV 20-11381, 2021 WL 4452275, at *1 (C.D. Cal. July 7, 2021) ("This Court will follow the thirteen other districts that have held that *Bristol-Myers* does not apply to FLSA actions."); *Haro v. Walmart, Inc.*, No. 121CV00239ADASKO, 2023 WL 2239333, at *3 (E.D. Cal. Feb. 27, 2023) (same); *Chavez v. Stellar Mgmt. Grp.,* No. 19-cv-01353, 2020 WL 4505482, at *5–7 (N.D. Cal. Aug. 5, 2020) (finding *Bristol-Myers* does not extend to FLSA actions because courts can assert pendant jurisdiction over claims by out-of-state plaintiffs); *Swamy v. Title Source, Inc.,* No. C 17-01175, 2017 WL 5196780, at *2 (N.D. Cal. Nov. 10, 2017) (Determining that applying *Bristol-Myers* to FLSA collective claims "would splinter most nationwide collective actions" and "greatly diminish the efficacy of FLSA collective actions as a means to vindicate employees' rights.").

Opt-in plaintiffs in FLSA collective actions are similar to parties joined under Federal Rule of Civil Procedure 20(A)(1), which allows the joinder of plaintiffs if:

> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all plaintiffs will arise in the action.

Accordingly, the Ninth Circuit has paralleled FLSA claims to permissive joinder; meaning, once jurisdiction is established for the named plaintiff, it extends to opt-in plaintiffs. *Campbell*, 903 F.3d at 1104–05; *Gillespie v. Cracker Barrel Old Country Store Inc.*, No. CV-21-00940-PHX-DJH, 2023 WL 2734459, at *15 (D. Ariz. Mar. 31, 2023) (finding Arizona plaintiff "establishes the Court's personal jurisdiction over [the defendant] and cures the personal jurisdiction deficiencies as to [the out-of-state plaintiffs]"); *Waters v. Day & Zimmermann NPS, Inc.*, 23 F.4th 84, 95 (1st Cir. 2022) ("The similarly situated requirement is even less stringent than the test for party joinder.") (quoting *Cruz v. Bristol-Myers Squibb Co., PR*, 699 F.3d 563, 569 (1st Cir. 2012))); *Thomas v. Kellogg Co.,* No. C13-5136, 2017 WL 5256634, at *1 (W.D. Wash. Oct. 17, 2017).

Here, the putative collective members are asserting their rights based on PRA's national payment practices. This raises common questions of law and fact. Under joinder, Plaintiff Hyneman has satisfied the requirements for jurisdiction over the defendant. This satisfies jurisdiction as to anyone joined after and meets the Fifth Amendment due process requirements.

### III. Notice and Scope of Collective

Defendant argues that Plaintiff's notice is overly broad, the time to provide contact information (7 days) is too brief and the opt-in time (90 days) is too long. (Doc. 36 at 15–17.) As discussed above, the Court will limit the collective to RSMs, but does not limit the collective to Arizona opt-in plaintiffs. Plaintiff alleges that there are approximately 23

- 7 -

RSMs and 2 Senior RSMs in the collective across the country. (Doc. 27 at 5.) Because the number of potential opt-in participants is low, the Court, in its discretion, modifies Plaintiff's proposed timeline to fourteen (14) days for the production of RSMs' contact information, and sixty (60) days to opt-in. *See See Stanfield v. Lasalle Corrs W. LLC*, 2022 WL 2967711 (D. Ariz. July 26, 2022) (finding absent a "compelling reason," a 60-day opt-in time is standard); *Havey v. Courtertop Factory Sw. LLC*, 2022 WL 17537980, at *4 (D. Ariz. Dec. 8, 2022) (allowing 60-days to opt in).

Finally, Defendant objects to permitting Plaintiff's counsel to provide notice, and requests a third-party settlement administrator. (Doc. 36 at 17.) There is no indication the neutrality of the notice process is at risk. *Weeks*, 494 F. Supp. at 659 (denying third-party administrator where there was no reason plaintiffs' counsel could not handle notice process). With the district court's supervision and approval, notice is routinely provided by plaintiff's counsel without issue. *See Does I thru XXIII v. Adv. Textile Corp.*, 214 F.3d 1058, 1064 (9th Cir. 2000) ("[A] district court may authorize the named plaintiffs in a FLSA collective action to send notice to all potential plaintiffs.")

## V. Conclusion

For the foregoing reasons, **IT IS ORDERED** Plaintiff's Motion for Conditional Collective Action Certification is **GRANTED**. (Doc. 27.)

**IT IS FURTHER ORDERED** that this matter is conditionally certified as a collective action pursuant to 29 U.S.C. § 216(b). The Court hereby approves the following class of individuals, for conditional certification purposes only, as being "similarly situated" and eligible to receive notice and opt in as Plaintiffs to this action:

> All persons currently or formerly employed as a Regional Sales Manager of Senior Regional Sales Manager on behalf of Defendant PRA Events, Inc., who worked in excess of forty (40) hours during one or more workweeks without receiving overtime compensation from November 3, 2020, through the present date.

**IT IS FURTHER ORDERED** that the proposed Notice of Collective Action, attached as Exhibit 1 to the Motion, is APPROVED with modifications as

- 8 -

noted in this Order. Plaintiff and her undersigned counsel are authorized to transmit said Notice after setting forth therein the deadline to join this action, as set forth below.

**IT IS FURTHER ORDERED** that, within fourteen (14) days of entry of this Order, Defendant shall provide Plaintiff a list of all current and former employees of Defendant who may fall within the scope of the class definition. Defendant shall include the names, dates of employment, and last known phone numbers, e-mail addresses, and mailing addresses of all such individuals. Defendant shall file with the Clerk a notice confirming their provision to Plaintiff of the list required herein.

**IT IS FURTHER ORDERED** that, within seven (7) days of receiving Defendant's list, Plaintiff shall transmit the Notice of Collective Action (showing the appropriate deadline to join this action) to the prospective members of the class via text message, e-mail, and mail. Plaintiff shall file with the Clerk a notice confirming their transmission of the Notice of Collective Action, and the date of such transmission.

**IT IS FURTHER ORDERED** that the text message notice shall read as follows:

> If you worked as a Regional Sales Manager or Senior Regional Sales Manager for PRA Events, Inc. any time from November 3, 2020 to the present, you may be entitled to join a lawsuit claiming back pay and penalties for unpaid overtime. For additional information about the case and how to join, visit [insert URL for Notice of Collective Action].

**IT IS FURTHER ORDERED** that thirty (30) days after Plaintiff's initial transmission of the Notice, Plaintiff shall retransmit the Notice of Collective Action in the manners set forth above to all prospective members who have not yet joined the action.

///

///

**IT IS FURTHER ORDERED** that the deadline for prospective class members to join this action and the conditionally certified class shall be sixty (60) days after Plaintiff's transmission of the Notice of Collective Action.

Dated this 21st day of January, 2025.

_____
Honorable Raner C. Collins
Senior United States District Judge